# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____
)
OEN YUNG TJONG,                         )
                                        )
                  Plaintiff,            )       Civil Action No.
                                        )
        v.                              )       **COMPLAINT**
                                        )       **DEMAND FOR JURY TRIAL**
MISO, INC. and CHIN MING LAU,           )
                                        )
                  Defendants.           )       September 3, 2013
_____)

Plaintiff, Oen Yung Tjong ("Plaintiff"), by and through his undersigned counsel, hereby alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").  This Court has supplemental jurisdiction over the Connecticut state law claims, pursuant to 28 U.S.C. § 1367, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

3.      Plaintiff was employed as a waiter at Miso, a restaurant located at 15 Orange Street in New Haven ("Miso"), from in or around 2010 to in or around June 2012.

1

4.      Defendant, Miso, Inc. ("Miso, Inc."), is a Connecticut corporation that owns and operates Miso.  Upon information and belief, Miso, Inc. has an annual gross volume of sales in excess of $500,000.

5.      Defendant Chin Ming Lau ("Ming Lau") is President of Miso, Inc. and the owner of Miso, and exercises sufficient control of Miso's day to day operations to be considered Plaintiff's employer under the FLSA and Connecticut law.

6.      Specifically, Defendant Ming Lau has the power to hire and fire Miso employees and control their conditions of employment.  For example, Defendant Ming Lau hired and fired Plaintiff.

7.      Defendant Ming Lau has the ability to set hours and pay wages.  For example, Defendant Ming Lau instructed a waiter not to come to work one day.

8.      All Defendants are hereinafter collectively referred to as "Defendants."

## FACTS

9.      Defendants committed the acts alleged in this Complaint knowingly, intentionally and willfully.

10.      Defendants knew that nonpayment of minimum wage, nonpayment of overtime, and failure to provide required notices violated federal and state laws.

11.      Defendants unlawfully paid Plaintiff less than the federal and state minimum wage for all hours worked.

12.      In or around 2010, Plaintiff began working for Defendants as a waiter at Miso.

13.     At the beginning of his employment, Plaintiff typically worked five days per week, from Wednesday to Sunday, from approximately 10:40 a.m. to 10:30 p.m., with a two hour break from 3:00 p.m. to 5:00 p.m. every day.

14.     In or around 2012, Plaintiff worked five days per week, on Monday, Friday and Saturday, from 10:40 p.m. to 10:30 p.m., with a two hour break from 3:00 p.m. to 5:00 p.m. on each day; on Thursday from 5:00 p.m. to 11:00 p.m.; and on Sunday from 3:00 p.m. to 10:00 p.m.

15.     Throughout Plaintiff's employment, Defendants paid Plaintiff about $140 to $150 every two weeks.  Defendants paid Plaintiff in cash and did not provide a schedule or statement showing Plaintiff's rate or hours worked.

16.     Defendants did not inform Plaintiff that they were taking a credit of any kind against Plaintiff's wages or ask Plaintiff to sign a statement to that effect.

17.     Defendants did not allow Plaintiff to retain all of his tips, but required Plaintiff to share them with kitchen staff who did not interact with customers.

18.     At all times, Plaintiff's weekly salary amounted to less than the federal and Connecticut minimum wages for all hours worked.

19.     Defendants did not pay Plaintiff an overtime premium of one and a half times Plaintiff's regular rate for hours worked in excess of forty (40) per week.

**FIRST CLAIM FOR RELIEF**
**(FLSA Minimum Wage Violations, 29 U.S.C. §§ 201 *et seq.*)**

20.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

21.     At all relevant times, Defendants have been, and continue to be,  "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed "employee[s]," including Plaintiff.

22.     Throughout the relevant statute of limitations period, Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

23.     Plaintiff seeks damages in the amount of his unpaid minimum wage compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

24.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

25.     Throughout the relevant statute of limitations period, Plaintiff regularly worked in excess of forty (40) hours per workweek.

26.     At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff an overtime premium of one and a half times Plaintiff's regular rate for hours worked in excess of forty (40) per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though Plaintiff has been and is entitled to overtime.

4

27.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one and a half times Plaintiff's regular rate for hours worked in excess of forty (40) hours per workweek.

28.     Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

<u>**THIRD CLAIM FOR RELIEF**</u>
**(Connecticut Minimum Wage Violations, Conn. Gen. Stat. §§ 31-60 *et seq.*)**

29.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

30.     Throughout the relevant statute of limitations period, Defendants did not pay Plaintiff the Connecticut minimum wage for all hours worked.

31.     Defendants' failure to pay Plaintiff the Connecticut minimum wage was willful.

32.     Plaintiff seeks damages in the amount of his unpaid minimum wage compensation, liquidated damages as provided by the Connecticut Minimum Wage Act for minimum wage violations, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

<u>**FOURTH CLAIM FOR RELIEF**</u>
**(Connecticut Overtime Violations, Conn. Gen. Stat. §§ 31-60 *et seq.*)**

33.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

34.     Connecticut employers are prohibited from permitting a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

35.     Throughout the relevant statute of limitations period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one-and-one-half times Plaintiff's regular rate for hours worked in excess of forty (40) hours per workweek.

36.     Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the Connecticut Minimum Wage Act for overtime violations, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.     An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

B.     Liquidated damages and penalties available under applicable laws;

C.     Costs of action incurred herein, including expert fees;

D.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, Conn. Gen. Stat. § 31-72 and other applicable statutes;

E.     Pre-judgment and post-judgment interest, as provided by law; and

F.     Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

PLAINTIFF, Oen Yung Tjong


/s/ Patrick A. Klingman
Patrick A. Klingman (ct17813)
KLINGMAN LAW, LLC
196 Trumbull Street  Suite 510
Hartford, CT  06103-2207
(860) 256-6120
pak@klingmanlaw.com

Finn W. Dusenbery*
LAW OFFICE OF FINN W. DUSENBERY
12 Desbrosses Street
New York, NY  10013
(646) 723-4376
(212) 226-7186 (facsimile)
finn@dusenberylaw.com
* Seeking admission *pro hac vice*

D. Maimon Kirschenbaum*
JOSEPH & KIRSCHENBAUM LLP
233 Broadway  5th Floor
New York, NY  10279
(212) 688-5640
(212) 688-2548 (facsimile)
* Seeking admission *pro hac vice*

*Attorneys for Plaintiff*