UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **OEN YUNG TJONG,** | : |
| Plaintiff, | : |
| | : 3:13-cv-01293 (RNC) |
| v. | : |
| | : |
| **MISO, INC. and CHIN MING LAU,** | : JANUARY 6, 2014 |
| Defendants. | : |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF CLAIMS WITH PREJUDICE

Plaintiff Oen Yung Tjong ("Plaintiff") and Defendants Miso, Inc. and Chin Ming Lau ("Lau") (collectively, "Defendants"), file this Joint Motion for Approval of Settlement, and Dismissal with Prejudice of Claims ("Motion").

### SETTLEMENT AND DISMISSAL OF CLAIMS

1. In this action, Plaintiff alleges that Defendants failed to pay minimum wage and overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and the Connecticut Minimum Wage Act, Conn. Gen. Stat. §§ 31-58 et seq.

2. The parties continue to dispute the amount of wages and other relief due to Plaintiff (if any), and Defendants have denied and continue to deny each and every claim made by Plaintiff in the action. However, the parties desire to fully and finally resolve any and all disputes regarding any and all of Plaintiff's claims without the expense of further litigation.

3. In furtherance of the parties' mutual desire to resolve their dispute without further litigation between them, they have entered into a Confidential Settlement Agreement and General Release (the "Agreement"). The primary purpose of this Motion is to request the Court's approval of the Agreement in accordance with the requirements of the FLSA.

4. The FLSA places certain limits on a current or former employee's ability to waive claims for unpaid wages or overtime under 29 U.S.C. § 216. See Barrentine v. Arkansas-Best Freight System, 450 U.S. 728 (1981); Brooklyn Savings Bank v. O'Neill, 324 U.S. 697, 706-07 (1945). With two exceptions, employees may not waive FLSA claims for unpaid wages or overtime, for less than full statutory damages. The two exceptions are for: (1) settlements supervised by the Secretary of Labor, and (2) judicially-approved stipulated settlements. Martinez v. Ragtime Foods of N.Y., Inc., No. 11-CV-1483, 2011 U.S. Dist. LEXIS 130357, *2 (E.D.N.Y. Nov. 10, 2011) (citing inter alia 29 U.S.C. § 216(c), and D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 113 n.8, (1946)).

5. It has become well-settled that an employee may waive an FLSA claim for unpaid wages or overtime pursuant to a judicially-approved stipulated settlement. See, e.g., Lynn's Food Stores, Inc. v. U.S. By and Through U.S. Dept. of Labor, Employment Standards Admin., Wage and Hour Div., 679 F.2d 1350, 1352-53 (11th Cir. 1982); see also Urbino v. Puerto Rico Ry. Light & Power Co., 164 F.2d 12, 14 (1st Cir. 1947); Jarrad v. Southeastern Shipbuilding Corp., 163 F.2d 960, 961 (5th Cir. 1947); Bracey v. Luray, 161 F.2d 128 (4th Cir. 1947); DeBraska v. City of Milwaukee, 11 F. Supp.2d 1020, 1026-27 (E.D. Wis. 1998).

6. The parties have exchanged informal discovery and have had numerous conversations regarding the merits of this lawsuit.

7. The parties represent to the Court that the Agreement they have agreed to: (a) is fair to all parties; (b) reasonably resolves a bona fide disagreement between the parties with regard to the merits of Plaintiff's claims; and (c) demonstrates a good faith intention by the parties that Plaintiff's claims for liability and damages be fully and finally resolved, and not relitigated in whole or in part at any point in the future.

8. The parties will submit the Agreement to the Court for in camera review.

9. The parties respectfully request that the proposed Order be entered by the Court.

WHEREFORE, the parties to this action respectfully request that the Court enter an Order:

1. Approving the settlement of the parties; and

2. Dismissing with prejudice the claims of Plaintiff Oen Ying Tjong.

| FOR PLAINTIFF OEN YUNG TJONG | FOR DEFENDANTS |
|---|---|
| /s/ *Finn W. Dusenbery* | /s/ Jason R. Stanevich |
| Finn W. Dusenbery (phv06325) | Jason R. Stanevich (ct28125) |
| LAW OFFICE OF FINN W. DUSENBERY | LITTLER MENDELSON, P.C. |
| 12 Desbrosses Street | One Century Tower |
| New York, NY 10013 | 265 Church Street, Suite 300 |
| Telephone: (646) 723-4376 | New Haven, CT 06510 |
| Facsimile: (212) 226-7186 | Telephone: 203.974.8700 |
| finn@dusenberylaw.com | Facsimile: 203.974.8799 |
| | jstanevich@littler.com |

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **OEN YUNG TJONG,** | : |
| Plaintiff, | : |
| | : 3:13-cv-01293 (RNC) |
| v. | : |
| **MISO, INC. and CHIN MING LAU,** | : JANUARY 6, 2014 |
| Defendants. | : |

## ORDER

AND NOW, THIS ____ DAY OF _____, 2013, the Court having reviewed the pleadings in this case and considered applicable case law, and for good cause shown, it is ORDERED, ADJUDGED and DECREED that:

1. The settlement of the parties: (a) is fair to all parties; (b) reasonably resolves a bona fide disagreement between the parties with regard to the merits of Plaintiff Oen Yung Tjong's individual claims; and (c) demonstrates a good faith intention by the parties that Plaintiff's claims for liability and damages be fully and finally resolved, and not relitigated in whole or in part at any point in the future. The Agreement is therefore APPROVED by the Court.

2. This lawsuit and the claims of Plaintiff Oen Yung Tjong are DISMISSED WITH PREJUDICE in their entirety.

_____
UNITED STATES DISTRICT JUDGE

Agreed:

For Plaintiff                                    For Defendants


By: /s/ *Finn W. Dusenbery*
    Finn W. Dusenbery (phv06325)     By: /s/ Jason R. Stanevich
    LAW OFFICE OF FINN W. DUSENBERY     Jason R. Stanevich (CT28125)
    12 Desbrosses Street     Littler Mendelson, P.C.
    New York, NY 10013     265 Church Street, Suite 300
    Telephone: (646) 723-4376     New Haven, CT 06510
    Facsimile: (212) 226-7186     Telephone: 203-974-8700
    finn@dusenberylaw.com     Facsimile: 203-974-8799
                                       jstanevich@littler.com